HARRY A. SMITH, Plaintiff, *v.* SWITZERLAND GENERAL INSURANCE COMPANY OF ZURICH, SWITZERLAND, Defendant.* (THE CARINTHIA.)

City Court of New York, Bronx County, February 20, 1933.

*De Forest, Cullom & Elder* [*James E. Freehill* of counsel], for the plaintiff.

*Bigham, Englar, Jones & Houston* [*Arthur W. Clement* and *Henry J. Bogatko* of counsel], for the defendant.

KOCH, J.   Much attention has been given by counsel on both sides to technical discussion of the " sue and labor " clause and other clauses in the policy, and many cases are cited.   It seems to me, however, that the question here presented can be answered on the authority of well-understood fundamental principles not open to argument or dispute.   Cases do not establish principles.   They merely apply them and illustrate them.   In a maze of cases and discussions of construction of more or less intricate clauses of a policy of insurance, it is easy to mistake a bypath for the main highway. There is no doubt that the defendant in this action established liability under its policy if the damage was caused by negligence or error in judgment of engineers or employees of the steamship *Carinthia.*   I find as a fact from the evidence adduced upon the trial before me that there was such negligence.   There remains

---

* See, also, *The Caledonia* (147 Misc. 386, 388).

then only the question as to the extent of the defendant's liability or, in other words, the amount of damage sustained by the plaintiff collectible under the policy. I do not believe that the determination of that question depends upon a trade custom, and the testimony of the witness Barr can be entirely disregarded. The plaintiff in an action brought against the carrier recovered judgment for $2,243.34, with interest and costs. The attorney for the plaintiff in that action deducted for his fees and disbursements $1,012.87 and turned over to the plaintiff the sum of $1,230.47 and interest as the net proceeds of the action.

The action was brought by the plaintiff against the carrier only after the defendant herein, the insurer, had declined to accept responsibility for the damage and had written: " We, however, would suggest that the assured press his claim against the steamship company and should it develop that the loss was due to any of the perils we insure against we will still be glad to consider the claim." If the loss, from the facts in the case, was one which should be paid by the insurance company under its policy, then the insured, of course, was entitled to be paid the full amount due him under the policy. The negligence of the carrier having been established as hereinabove indicated it follows that the responsibility for the loss should have been borne by the insurer in the first instance. When the insurer elected not to assume responsibility at that time, but suggested the pressing of the claim against the carrier, it took whatever risks attached to this action, and cannot now be heard to complain that legal fees and disbursements were incurred in the prosecution of the claim. Whatever was done by the plaintiff herein was done at the suggestion of the defendant and, because of its right of subrogation, for its benefit. The plaintiff was at all times entitled to the benefits accruing under his policy, and should have received them at the time of making his claim. The fact that, because of the attitude of the defendant, he has been put to a great deal of trouble, annoyance and expense certainly furnishes no valid reason for transferring the burdens of the defendant to the plaintiff. The plaintiff has done nothing which, under the terms of his policy, can deprive him of any of its benefits. By concession made at the trial, no objection is made to the reasonableness of the counsel fee in the action against the carrier.

The plaintiff is accordingly entitled to judgment for the difference between the net principal amount actually received by him, $1,230.47, and the amount to which he was entitled under the policy, $2,131.85, and a verdict is, therefore, directed for the plaintiff and against the defendant for $901.38, with interest from May 29, 1932, together with costs of this action. Ten days' stay of execution.